305761

UNITED STATES DISTRICT COURT
FOR THE STATE OF RHODE ISLAND

DOMINION DIAGNOSTICS, LLC
Plaintiff,

v. C.A. No. 07-166S

THE J. BOLEN GROUP, LLC and
JENNIFER BOLEN
Defendants.

**DEFENDANTS THE J. BOLEN GROUP, LLC AND JENNIFER BOLEN**
**STATEMENT OF ELEMENTS**

Pursuant to the Order of Court dated July 26, 2007 and Local Rule 16 of the Federal Rules of Civil Procedure The J. Bolen Group, LLC and Jennifer Bolen (hereinafter 'the Defendants') respectfully submit the following written statement enumerating the elements of their Affirmative Defenses filed in this matter. The Defendants reserve the right to modify, amend and/or augment this statement as appropriate in the course of these proceedings. The Defendants deny that the Plaintiff is entitled to any relief whatsoever and maintain that the Plaintiff will be unable to substantiate a claim for breach of contract.

**Defendants' Asserted Affirmative Defenses**

**I. Estoppel**

The Defendants may prevail on their claim of estoppel if it is demonstrated that the Plaintiff made, "an affirmative representation or equivalent conduct ... which is direct[ed] to another for purpose of inducing the other to act or fail to act in reliance thereon;" and, further "that such representation or conduct in fact did induce the other to act or fail to act

to his injury." Lichtenstein v. Parness, 81 R.I. 135, 138 (R.I. 1953); See also Aldo's Mopeds, Inc. v. Najarian, 2005 WL 3276200 * 11 (R.I. Super. Court, 2005).

## II. Statute of Frauds

Pursuant to Rhode Island Gen. Law § 9-1-4(5) no action shall be brought "whereby to charge any person upon any agreement which is not to be performed within the space of one year from the making thereof."

## III. Waiver

"Waiver is the voluntary, intentional relinquishment of a known right. Contractual rights may be waived by conduct inconsistent with the express terms of the agreement." (internal citations omitted) Violet v. Travelers Express Company, Inc., 502 A. 2d 347, 349 (R.I. 1985).

## IV. Unclean Hands

The basis of this defense is that "he who seeks justice must do justice." Pursuant to Rhode Island law, for a defendant to be entitled to this defense, she must show that the unjust acts of the claimant are "related to the particular matters concerning which plaintiff is seeking relief." Gorham v. Local Union 10631 of United Steal Workers of America, 1976 WL 177110 *2 quoting to Gabrielle v. Marini, 80 R.I. 458, 98 A. 2d 363 (1953). Further, the defense of unclean hands "becomes operative only when a complainant must depend on his own improper conduct to establish his rights against the other parties to the suit." (internal citations omitted) School Committee of Pawtucket v. Pawtucket Teachers Alliance Local 930, 101 R.I. 243, 257 (R.I. 1966).

## V. Laches

Laches is negligence to assert a known right, seasonably coupled with prejudice to an adverse party. Both elements, delay and prejudice, must be shown. Rodriguez v. Santos, quoting to Lombardi v. Lombardi, 90 R.I. 205, 209, 156 A.2d 911, 913 (1959); See also Fitzgerald v. O'Connell, 120 R.I. 240, 386 A.2d 1384 (1978).

The Defendants,
The J. Bolen Group, LLC and
Jennifer Bolen,
By their Attorneys,

/s/Sheri L. Pizzi
Sheri L. Pizzi
R.I. Bar No. 5720
spizzi@taylorduane.com
Melissa A. Malone
R.I. Bar No. 7313
mmalone@taylorduane.com
TAYLOR DUANE BARTON & GILMAN, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
(401) 273-7171
(401) 273-2904 - Fax

## CERTIFICATE OF SERVICE

I, Melissa A. Malone, attorney for Defendants The J. Bolen Group, LLC and Jennifer Bolen, hereby certify that on August 28, 2007, I served a copy of the foregoing:

Defendants The J. Bolen Group, LLC and Jennifer Bolen Statement of Elements

by first class mail, postage prepaid, to:

Mark A. McSally
Kelly, Kelleher, Reilly & Simpson
28 Caswell Street
Narragansett, RI 02882.

/s/Sheri L. Pizzi
Sheri L. Pizzi