306214

UNITED STATES DISTRICT COURT
FOR THE STATE OF RHODE ISLAND

| | |
|---|---|
| DOMINION DIAGNOSTICS, LLC<br>Plaintiff,<br><br>v.<br><br>THE J. BOLEN GROUP, LLC and<br>JENNIFER BOLEN<br>Defendants. | C.A. No. 07-166S |

RESPONSES OF DEFENDANTS
THE J. BOLEN GROUP, LLC AND JENNIFER BOLEN TO PLAINTIFF'S
FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

The defendants, The J. Bolen Group, LLC and Jennifer Bolen, hereby respond to the First Request for Production of Documents propounded by the plaintiff, Dominion Diagnostics, LLC. The defendants make the following general objections, notwithstanding and in addition to any specific objections set forth below in response to the individual categories of documents requested:

1. The defendants generally object to the "Instructions" contained in the plaintiff's Request for Production of Documents to the extent that they are inconsistent with or seek to impose requirements on the defendants beyond those set forth under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Rhode Island; and

2. The defendants further generally object to the plaintiff's First Request for Production of Documents insofar as it requests the production of documents which are in the public domain and to which the plaintiff has equal access.

Subject to the foregoing general objections and without waiving the same, the defendants respond as follows:

REQUEST NO. 1:

Copies of any and all disclosures made by the defendants which list an affiliation or association with AIT Laboratories.

RESPONSE NO. 1:

The defendants object to this Request on the basis that the terms "disclosure" and "affiliation" are vague, undefined, unduly burdensome, and overly broad. The defendants further object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, or which were prepared in anticipation of litigation or for trial. The defendants also object to the Request to the extent that it seeks information that is neither relevant nor material to this case and, therefore, is not calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these objections, the defendants state:

To date, none have been located.

REQUEST NO. 2:

Copies of any and all disclosures made by defendants which list an affiliation or association with Calloway Laboratories.

RESPONSE NO. 2:

The defendants object to this Request on the basis that the terms "disclosure" and "affiliation" are vague, undefined, unduly burdensome, and overly broad. The defendants further object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, or which were prepared in anticipation of litigation or for trial. The defendants also object to the Request to the extent that it seeks information that is neither relevant nor material to this case and, therefore, is not calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these objections, the defendants state:

To date, none have been located.

REQUEST NO. 3:

Copies of any and all contracts, agreements, or other arrangements between defendants and AIT Laboratories.

RESPONSE NO. 3:

The defendants object to this Request on the grounds that it is vague, unduly burdensome, and overly broad. The defendants further object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, or which were prepared in anticipation of litigation or for trial. The defendants further object to this Request to the extent that it seeks information

that is neither relevant nor material to this case and, therefore, is not calculated to lead to the discovery of admissible evidence. Further, the defendants object to the extent that the Request calls for the disclosure of proprietary or confidential information regarding a third party, the disclosure of which could be adverse to the interest of the third party. Because of the possible adverse effects on the third party, it may be entitled to notice, an opportunity to object, and an opportunity to be heard before the release of any such information pertaining to it. Notwithstanding and without waiving these objections, the defendants state:

The J. Bolen Group and AIT Laboratories entered into a Confidentiality Agreement. Attached are documents bates stamped 000001-000003.

REQUEST NO. 4:

Copies of any and all contracts, agreements, or other arrangements between defendants and Calloway Laboratories.

RESPONSE NO. 4:

The defendants object to this Request on the grounds that it is vague, unduly burdensome, and overly broad. The defendants further object to this Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, or which were prepared in anticipation of litigation or for trial. The defendants further object to this Request to the extent that it seeks information that is neither relevant nor material to this case and, therefore, is not calculated to lead to the discovery of admissible evidence. Further, the defendants object to the extent that the Request calls for the disclosure of proprietary or confidential information regarding a third party, the disclosure of which could be adverse to the interest of the third party. Because of the possible adverse effects on the third party, it may be entitled to notice, an opportunity to object, and an opportunity to be heard before the release of any such information pertaining to it. Notwithstanding and without waiving these objections, the defendants state:

None.

REQUEST NO. 5:

Copies of all records of compensation received directly or indirectly from either AIT Laboratories or Calloway Laboratories.

RESPONSE NO. 5:

The defendants object to this Request on the grounds that the term "records of compensation" is vague, unduly burdensome, and overly broad. The defendants also object to this Request to the extent that this Request seeks information that is neither relevant nor material to this case and, therefore, is not calculated to lead to the discovery of admissible

evidence. Further, the defendants object to the extent that the Request calls for the disclosure of proprietary or confidential information regarding a third party, the disclosure of which could be adverse to the interest of the third party. Because of the possible adverse effects on the third party, it may be entitled to notice, an opportunity to object, and an opportunity to be heard before the release of any such information pertaining to it. Notwithstanding and without waiving these objections, the defendants state:

To date, none have been located.

REQUEST NO. 6:

Copies of all letters, e-mails, documents, electronic data, tapes, discs, or other communication of any kind either sent by defendants to AIT Laboratories for the period of June 1, 2006 through the present.

RESPONSE NO. 6:

The defendants object to this Request on the grounds that it is vague, unduly burdensome, and overly broad. The defendants further object to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, or which were prepared in anticipation of litigation or for trial. The defendants also object to this Request to the extent that it seeks information that is neither relevant nor material to this case and, therefore, is not calculated to lead to the discovery of admissible evidence. Further, the defendants object to the extent that the Request calls for the disclosure of proprietary or confidential information regarding a third party, the disclosure of which could be adverse to the interest of the third party. Because of the possible adverse effects on the third party, it may be entitled to notice, an opportunity to object, and an opportunity to be heard before the release of any such information pertaining to it.

REQUEST NO. 7:

Copies of all letters, e-mails, documents, electronic data, tapes, discs, or other communication of any kind either sent by defendants to Calloway Laboratories or received by defendants from Calloway Laboratories for the period of June 1, 2006 through the present.

RESPONSE NO. 7:

The defendants object to this Request on the grounds that it is vague, unduly burdensome, and overly broad. The defendants further object to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, or which were prepared in anticipation of litigation or for trial. The defendants also object to this Request to the extent that it seeks information that

is neither relevant nor material to this case and, therefore, is not calculated to lead to the discovery of admissible evidence. Further, the defendants object to the extent that the Request calls for the disclosure of proprietary or confidential information regarding a third party, the disclosure of which could be adverse to the interest of the third party. Because of the possible adverse effects on the third party, it may be entitled to notice, an opportunity to object, and an opportunity to be heard before the release of any such information pertaining to it. Notwithstanding and without waiving these objections, the defendants state:

None.

REQUEST NO. 8:

Copies of any and all versions of defendants' web page for the period of June 1, 2006, through the present which in any way listed disclosures relating to laboratories, including but not limited to any disclosures or listing of affiliations with either AIT Laboratories or Calloway Laboratories.

RESPONSE NO. 8:

The defendants object to this Request on the grounds that it is vague, unduly burdensome, and overly broad. The defendants further object to this request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, or which were prepared in anticipation of litigation or for trial. The defendants also object to the Request in that it seeks information that is neither relevant nor material to this case and, therefore, is not calculated to lead to the discovery of admissible evidence. Further, the defendants object to the extent that the Request calls for the disclosure of proprietary or confidential information regarding a third party, the disclosure of which could be adverse to the interest of the third party. Because of the possible adverse effects on the third party, it may be entitled to notice, an opportunity to object, and an opportunity to be heard before the release of any such information pertaining to it. Notwithstanding and without waiving these objections, the defendants state:

To date, none have been located.

REQUEST NO. 9:

All documents submitted to the American Society for Pain Management Nursing National Conference relative to the disclosures made at that conference regarding affiliations and associations by defendants.

RESPONSE NO. 9:

The defendants object to this Request on the grounds that it is vague, unduly burdensome, and overly broad. The defendants also object to the Request in that it seeks information that is neither relevant nor material to this case and, therefore, is not calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these objections, the defendants state:

To date, none have been located.

REQUEST NO. 10:

All documents submitted to the American Academy of Pain Medicines 23rd Annual Meeting on February 10, 2007, relative to the disclosures made at that conference regarding affiliations and associations by defendants.

RESPONSE NO. 10:

The defendants object to this Request on the grounds that it is vague, unduly burdensome, and overly broad. The defendants also object to the Request in that it seeks information that is neither relevant nor material to this case and, therefore, is not calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these objections, the defendants state:

To date, none have been located.

The Defendants,
The J. Bolen Group, LLC and
Jennifer Bolen,
By their attorneys,

Sheri L. Pizzi (MAM)

Sheri L. Pizzi
R.I. Bar No. 5720
Melissa A. Malone
R.I. Bar No. 7313
TAYLOR DUANE BARTON & GILMAN, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
401.273.7171
401.273.2904 – Fax

## CERTIFICATE OF SERVICE

I, Sheri L. Pizzi, attorney for defendants, The J. Bolen Group, LLC and Jennifer Bolen, hereby certify that on November 7, 2007, I served a copy of the foregoing:

Responses of Defendants the J. Bolen Group, LLC and Jennifer Bolen to Plaintiff's First Set of Request for Production of Documents

by email to:

Mark A. McSally
Kelly, Kelleher, Reilly & Simpson
28 Caswell Street
Narragansett, RI 02882.

Sheri L. Pizzi (MAM)
Sheri L. Pizzi

# CONFIDENTIALITY AGREEMENT

**THIS AGREEMENT** is made this 9th day of April 2007, and is effective upon the first disclosure or signing, which ever occurs first, between The J. Bolen Group, LLC, located at 14875 Buttermilk Road, Lenoir City, TN, 37771, and AIT Laboratories, located at 2265 Executive Drive, Indianapolis, IN 46241.

**WHEREAS,** the parties hereto, wish to explore a mutually beneficial relationship, and in so doing, may disclose to each other certain non-public confidential and proprietary information pertaining to development of proprietary forms, risk management, education, and planning, as set forth below.

**NOW THEREFORE,** the parties, intending to be bound legally, agree as follows:

1. For purposes of this Agreement, "Confidential Information" shall mean all non-public and proprietary information, which has been or will be disclosed by one party, or one of its affiliates, to the other party, or one of its affiliates, whether oral or written, electronically or through other media, relating to their respective business interests, technical information, clinical data, product specifications, product development plans and ideas, marketing plans and ideas, educational measures, manufacturing information or business operations. The purpose of such disclosure shall be for development of proprietary forms, risk management, education, and planning.

2. The parties agree that the following information DOES NOT constitute "Confidential Information" and it is not subject to this Agreement.:

   a. Information which, prior to the time of disclosure, is in the public domain;

   b. Information which, after disclosure becomes part of the public domain by publication or otherwise, provided that such publication is not in violation of this Agreement or, to receiving party's knowledge, subject to any other confidentiality agreement;

   c. Information the receiving party can establish in writing was already known to it or was in its possession prior to the time of disclosure and was not acquired, directly or indirectly, from the disclosing party;

   d. Information the receiving party lawfully received from a third party, provided, however, that the third party was not obligated to hold such information in confidence;

   e. Information independently developed by the receiving party without reference to any Confidential Information, as established by appropriate documentation; and

   f. Information a court or other tribunal of competent jurisdiction compels the receiving party to produce. However, the receiving party agrees to give as much

advance notice as feasible to the disclosing party, so the disclosing party may seek a protective order or other remedy from the court or tribunal. The receiving party further agrees to produce only that portion of the Confidential Information that, in the opinion of its legal counsel, must be produced. The receiving party also agrees that it will exercise reasonable efforts to seal or otherwise restrict further disclosure of any information produced under this subparagraph.

3. The receiving party shall not use nor disclose to any third party Confidential Information for any purpose other than those identified in this Agreement. The parties agree to hold in strictest confidence all Confidential Information disclosed by one party to the other under the terms of this Agreement and to use all Confidential Information solely for the purpose of evaluating a potential business relationship.

4. The receiving party may disclose Confidential Information to its employees, agents, consultants and officers that have a need to know such information to affect the purpose of this Agreement. The receiving party agrees to inform its employees, agents, consultants and officers of this Agreement and agrees to have these individuals execute a similar agreement.

5. Upon written request of the disclosing party, the receiving party shall return promptly to the disclosing party (or, at the receiving party's option, destroy) all Confidential Information furnished to it, including any copies thereof and notes, extracts, or derivative materials based thereon. If the receiving party opts to destroy the Confidential Information instead of sending it back to the disclosing party, then the receiving party agrees to confirm the fact of destruction in writing to the disclosing party.

6. The receiving party agrees to keep confidential any analyses, compilations, studies, or other documents reflecting Confidential Information, and it agrees not to use this information to the detriment of the disclosing party, subject to the provisions of this agreement involving court or tribunal-compelled disclosures, if any. Notwithstanding the foregoing provision, legal counsel for either party may retain one copy of any Confidential Information in its confidential files solely for archival purposes.

7. Title to, and all rights emanating from the ownership of, all Confidential Information disclosed under this Agreement shall remain vested in the disclosing party. Nothing herein shall be construed as granting any license or option, in favor of the receiving party, in such Confidential Information under any patent, copyright and/or any other rights now or hereafter held by the disclosing party in or as a result of such Confidential Information other than as specifically agreed upon by the parties.

8. Confidential Information shall remain subject to this Agreement for a period of five (5) years beyond the date of disclosure or generation of such Confidential Information.

9. The execution and performance of this Agreement does not obligate the parties to enter into any other agreement or to perform any obligations other than as specified herein.

10. The receiving party agrees the disclosure of Confidential Information to any third party, without the express written consent of the disclosing party, entitles the disclosing party to seek injunctive relief, in addition to any other legal remedies available.

11. No failure or delay by the disclosing party in exercising any right, power, or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or future exercise thereof or the exercise of any other right, power or privilege hereunder.

12. The parties agree this document constitutes the entire agreement between them with respect to the handling of Confidential Information, and agree this document supersedes all prior and contemporaneous agreements and understandings between the parties with relation to this subject matter, whether written, oral, visual, audio or in any other medium whatsoever.

13. This Agreement shall be governed by the laws of the State of Tennessee without reference to its conflict of laws rules. This Agreement may not be amended or in any manner modified except by a written instrument signed by authorized representatives of both Parties. If any provision of this Agreement is found to be unenforceable, the remainder shall be enforced as fully as possible and the unenforceable provision shall be deemed modified to the limited extent required to permit its enforcement in a manner most closely representing the intention of the Parties as expressed herein.

14. This Agreement shall be binding on each party's successors and assigns.

15. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute the same agreement.

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement as of the day and year first above written.

**AIT LABORATORIES**

**By:** [signature]

**Its:** Director Sales/Marketing

**THE J. BOLEN GROUP, LLC**

**By:** [signature]

**Its:** Owner/President