308967

UNITED STATES DISTRICT COURT
FOR THE STATE OF RHODE ISLAND

| | |
|---|---|
| DOMINION DIAGNOSTICS, LLC<br>Plaintiff,<br><br>v.<br><br>THE J. BOLEN GROUP, LLC and<br>JENNIFER BOLEN<br>Defendants. | C.A. No. 07-166S |

**NOTICE TO TAKE THE DEPOSITION PURSUANT TO RULE 30(b)(6) OF THE PERSON MOST KNOWLEDGEABLE FOR <u>DOMINION DIAGNOSTICS, LLC</u>**

TO: Mark A. McSally, Esq.
Kelly, Kelleher, Reilly & Simpson
28 Caswell Street
Narragansett, RI 02882

Please take notice that commencing at **11:00 a.m.** on **February 26, 2008**, at the offices of Attorney **Melissa A. Malone**, of Taylor Duane Barton & Gilman, LLP, 10 Dorrance Street, Suite 700, Providence, Rhode Island, the defendant in this action, The J. Bolen Group, LLC and Jennifer Bolen, by their attorneys, pursuant to Rule 30(b)(6) and Rule 45 of the Federal Court Rules of Civil Procedure, will take the deposition upon oral examination of **Dominion Diagnostics, LLC**, by the person or persons with knowledge regarding the issues identified in Attachment A, before a Notary Public, in and for the State of Rhode Island, or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

**Pursuant to Rule 30(b)(6), Dominion Diagnostics, LLC shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf who are most knowledgeable about the matters identified in Attachment A.**

**PLEASE TAKE FURTHER NOTICE that the deponent(s) shall bring to the deposition all documents which refer, relate to, or reflect the matters designated in Attachment B.**

You are invited to attend and cross-examine.

The Defendants,
The J. Bolen Group, LLC and
Jennifer Bolen
By their Attorneys,

Sheri L. Pizzi
R.I. Bar No. 5720
Melissa A. Malone
R.I. Bar No. 7313
TAYLOR DUANE BARTON & GILMAN, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

(401) 273-7171
(401) 273-2904 – Fax

UNITED STATES DISTRICT COURT
FOR THE STATE OF RHODE ISLAND

| | |
|---|---|
| DOMINION DIAGNOSTICS, LLC<br>Plaintiff,<br><br>v.<br><br>THE J. BOLEN GROUP, LLC and<br>JENNIFER BOLEN<br>Defendants. | C.A. No. 07-166S |

**SUBPOENA IN ACCORDANCE WITH RULE 30(b)(6) UPON RECEIPT OF THIS SUBPOENA PLEASE CONTACT US**

TO: The Person Most Knowledgeable
Dominion Diagnostics, LLC
211 Circuit Drive
North Kingstown, RI 02852

Greetings:

**YOU ARE HEREBY COMMANDED** in the name of the State of Rhode Island in accordance with the provisions of Rule 30(b)(6) of the Federal Court Rules of Civil Procedure, you are required to appear and testify on behalf of the defendants, The J. Bolen Group, LLC and Jennifer Bolen, before a Notary Public of the State of Rhode Island at the offices of Melissa A. Malone, 10 Dorrance Street, Suite 700, Providence, Rhode Island on the **26th day** of **February, 2008**, at **11:00 a.m.**, and to testify as to your knowledge, of the subject matters set forth on Attachment A.

And you are further required to bring with you:

1. The original and a certified copy of the documents identified in Attachment B.

**HEREOF FAIL NOT AS YOU WILL ANSWER YOUR DEFAULT UNDER THE PAINS AND PENALTIES IN THE LAW IN THAT BEHALF MADE AND PROVIDED**

February 1, 2008

Sheri L. Pizzi
R.I. Bar No. 5720
Melissa A. Malone
R.I. Bar No. 7313
TAYLOR DUANE BARTON & GILMAN, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

(401) 273-7171
(401) 273-2904 – Fax

## ATTACHMENT A

1. All aspects of the formation, execution, and performance of the Consulting Agreement between Dominion Diagnostics, LLC and The J. Bolen Group, LLC dated December 8, 2005, including but not limited to the identity of all individuals involved in the drafting of the Consulting Agreement;

2. All aspects of the formation, execution, and performance of Attachment A of the Consulting Agreement between Dominion Diagnostics, LLC and The J. Bolen Group, LLC dated December 8, 2005, including but not limited to the identity of all individuals involved in the drafting of Attachment A;

3. All aspects of the process of authorizing payments to The J. Bolen Group, LLC, including but not limited to the identity of individuals associated with and/or employed by Dominion Diagnostics, LLC who authorized payments to The J. Bolen Group, LLC and who participated in discussions and/or received correspondence about the invoice dated October 10, 2006 and the reasons for that denial of payment for that invoice;

4. All aspects of the performance of the Consulting Agreement, including but not limited to individuals who have knowledge and/or who were responsible for receiving, reviewing, and collaborating with The J. Bolen Group, LLC;

5. All aspects of the communications (verbal and written) with Dan Sherrod from December 8, 2005 through the present, including but not limited to the identity of individuals associated with Dominion Diagnostics, LLC who communicated with Dan Sherrod prior to September 17, 2006 and negotiated the Independent Contractor Agreement with Dan Sherrod dated November 1, 2006; and

6. All aspects of the formation, execution, and performance of Dan Sherrod's Independent Contractor Agreement dated November 1, 2006, including but not limited to individual(s) who were and currently are responsible for receiving, reviewing, and collaborating with Dan Sherrod.

## ATTACHMENT B

1. All documents related to the Consulting Agreement of December 8, 2005 between Dominion Diagnostics, LLC and The J. Bolen Group, LLC including all documents generated by or at the request of Dominion Diagnostics, LLC, and correspondence of all drafts of the Consulting Agreement;

2. All documents related to Attachment A, of the Consulting Agreement of December 8, 2005 between Dominion Diagnostics, LLC and The J. Bolen Group, LLC including all documents generated by or at the request of Dominion Diagnostics, LLC, and correspondence of all drafts of Attachment A of the Consulting Agreement;

3. All correspondence between Dominion Diagnostics, LLC and The J. Bolen Group, LLC and/or agents or employees of the The J. Bolen Group, LLC, including but not limited to correspondence sent to Dan Sherrod from December 8, 2005 through the present;

4. All documents related to payments made to or requested by The J. Bolen Group, LLC from Dominion Diagnostics, LLC;

5. All documents related to Dominion Diagnostics, LLC's decision not to pay The J. Bolen Group, LLC's October 10, 2006 invoice in the amount of $14,161;

6. Any and all correspondence between Dominion Diagnostics, LLC and Dan Sherrod, including but not limited to all correspondence sent to and/or received from Dan Sherrod during the negotiations of the Consulting Agreement between the parties through the present;

7. Copies of any and all payments that Dominion Diagnostics, LLC has made to Dan Sherrod;

8. Copies of all documents, presentations and/or information submitted by Dan Sherrod to Dominion Diagnostics, LLC including but not limited to client lists, database of laws, rules, regulations, and policies of various states for pain management practices;

9. All employment and or personnel files in possession of Dominion Diagnostics, LLC regarding Dan Sherrod; and

10. All contracts and/or agreements entered into by Dominion Diagnostics, LLC and Dan Sherrod.

# AFFIDAVIT FOR RECORDS PURSUANT TO R.I.G.L. § 9-19-39

To whom it may concern:

The attached ____ (number of pages, or other materials) pages are true and complete reproductions of the original correspondence which are housed with Dominion Diagnostics, LLC. The original records were made in the regular course of business, and it was the regular course of Dominion Diagnostics, LLC to make such records at or near the time of the matter recorded.

______________________________
Dominion Diagnostics, LLC

Subscribed and sworn before me this ___ day of ____________, ______.

______________________________
Notary Public
My Commission Expires: ______________________